# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**FRANK NELLOM,**                                    :

   **Petitioner**                                 :   **CIVIL ACTION NO. 3:21-0360**

   **v.**                                        :   **(Judge Mannion)**

**SUPERINTENDENT SOBER,**             :

   **Respondent**                              :

## <u>MEMORANDUM</u>

Petitioner, Frank Nellom*,* an inmate confined at the Phoenix State Correctional Institution ("SCI-Phoenix"), Collegeville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He challenges his 2018 conviction and sentence imposed by the Court of Common Pleas of Delaware County. (Doc. 1.) The filing fee has been paid. For the reasons outlined below, the petition will be transferred to the United States District Court for the Eastern District of Pennsylvania.

In states with two or more federal judicial districts, a state prisoner may file a habeas petition in one of two federal district courts: (1) the federal judicial district where the prisoner is in custody; or (2) the federal judicial district where the state court of conviction is located. 28 U.S.C. §2241(d). Each of those districts have "jurisdiction to entertain the petition." *Id.* Section 2241(d), however, also provides that a district court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's §2254 petition to "the district court for the district within which the State court was

held which convicted and sentenced [the petitioner]." 28 U.S.C. §2241(d). Additionally, 28 U.S.C. §1404 vests a district court with the authority to transfer any civil action, "for the convenience of the parties and witnesses, in the interest of justice," to any district where the action might have been brought. 28 U.S.C. §1404(a).[1]

In this case, Nellom is currently incarcerated at SCI-Phoenix, which is located in Montgomery County, which is within the territorial boundaries of the Eastern District of Pennsylvania. In his petition, Nellom challenges the validity of his conviction which was obtained in the Delaware County Court of Common Pleas, which is also located within the territorial boundaries of the Eastern District of Pennsylvania. *See* 28 U.S.C. §118(a). Since the trial court, as well as any records, witnesses and counsel, are located within the United States District Court for the Eastern District of Pennsylvania, the Court will transfer this action to the Eastern District.

An appropriate order follows.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 18, 2021**

21-0360-01

---

[1] Because habeas proceedings are generally considered civil in nature, *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987), the term "civil action" includes habeas petitions. *Parrott v Government of Virgin Islands*, 230 F.3d 615, 683 (3d Cir. 2000).